(96 App. Div. 151.)

### RUSSELL v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. INJURY TO EMPLOYÉ—NEGLIGENCE—EVIDENCE OF SUBSEQUENT CHANGE.

In an action for injury to a brakeman while on the side of a car by collision with a toolhouse of the railroad company, evidence that after the accident defendant moved the toolhouse further away from the track was incompetent.

2. SAME—PREJUDICIAL ERROR.

Error in the admission of such evidence was prejudicial, though it was stated to be offered to show it was feasible to locate the house elsewhere, and the court charged that the jury were not to consider such evidence in determining defendant's negligence, but only on the question of the feasibility of the removal of the building.

Appeal from Trial Term, Rensselaer County.

Action by Edgar G. Russell against the New York Central & Hudson River Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles E. Patterson (C. C. Van Kirk, of counsel), for appellant
Lansing & Holmes (John B. Holmes, of counsel), for respondent.

HOUGHTON, J. The plaintiff, an employé of the defendant as brakeman, while descending a ladder on the side of a moving freight car, was hit by the projecting roof of a toolhouse, and brings this action because of injuries received thereby. The roof was 15 inches from the ladder of this particular car. The plaintiff had been in the employ of the defendant a month or more, but had gone over the route in the nighttime, during which the accident occurred. There was testimony that the plaintiff did not actually know of the close proximity of the toolhouse to the track, and that the night of the accident was dark so that it could not be readily seen. We are of opinion, on the record before us, that the questions of negligence of the defendant and contributory negligence of the plaintiff, and whether he was in the reasonable discharge of his duty at the time of the accident, were properly submitted to the jury. True v. The Niagara Gorge R. R. Co., 70 App. Div. 383, 75 N. Y. Supp. 216, affirmed 175 N. Y. 487, 67 N. E. 1090; Brown v. N. Y. C. & H. R. R. Co., 42 App. Div. 548, 59 N. Y. Supp. 672, affirmed 166 N. Y. 626, 60 N. E. 1107; Benthin v. N. Y. C. & H. R. R. Co., 24 App. Div. 303, 48 N. Y. Supp. 503.

We are constrained to reverse the judgment, however, because of an error in the admission of evidence. The plaintiff was permitted, against the defendant's objection and exception, to show that the defendant, since the accident, had moved the toolhouse farther away from the track. It is true that the evidence was stated to be offered for the purpose of showing that it was feasible for the defendant to locate it at a different place, because it had in fact done so. The court, too, charged the jury that they were not to take this evidence into con-

sideration in determining the negligence of the defendant, but only upon the question of the feasibility of the removal of the building. Notwithstanding the announcement of the purpose of the evidence and the instruction of the court, the evidence was so radically wrong, and of such a dangerous character, that we think it must be assumed that the defendant was injured by it. In Clapper v. The Town of Waterford (131 N. Y. 382, 30 N. E. 240) there was a similar attempt to limit the purpose of the proof, and still its introduction was condemned. In commenting upon evidence of this character in that case, O'Brien, J., says:

"Upon whatever pretense such evidence is put into the case, it is generally used to mislead the jury. It is sometimes accepted by them as an admission of negligence, and its natural tendency is undoubtedly to influence them in that direction."

The case of Morrell v. Peck, 88 N. Y. 398, is relied upon to sustain the ruling. An examination of that case will show that the trial was had before the court without a jury, and that from his remarks upon the introduction of the evidence it appeared that he considered the evidence only for the limited purpose of showing control and possession of funds. An appellate court can much better rely upon the statement of a trial court that it receives evidence for a limited purpose, and weighs it only in that connection, than it can assume that jurors, inexperienced in the law, considered it in its limited application only. In addition, the case was cited and commented upon, and held not to apply, in Clapper v. The Town of Waterford, supra. So far as the evidence discloses, the toolhouse in question was the only one in dangerous proximity to the track, and we do not feel that the defendant's negligence in maintaining it where it did is so clear that we would be justified in setting aside the verdict of a jury in its favor on that issue; and we therefore cannot ignore this error in the reception of evidence. The plaintiff could easily have proven the feasibility of the change of location of the toolhouse by showing its dimensions, and the space at the side of the track, without the introduction of any evidence which might be improperly considered by the jury.

There were many requests on the part of the defendant to charge, which were refused by the court. Some of them had in fact been charged, and others there is some question concerning; especially the fourteenth request. But, in view of our conclusion that a new trial must be directed, it is unnecessary to consider whether or not there was error in this respect.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.