(58 Misc. Rep. 210.)

## WILLIAMS v. GOLDBERG.

(Supreme Court, Appellate Term. March 5, 1908.)

1. FRAUD—ACTIONS FOR—GROUNDS—CONTRACTUAL RELATIONS.

An action for damages for fraud and deceit does not necessarily rest in any actual or contemplated contractual relation of the parties, but depends upon the fact that an injury has been suffered, resulting in damages to the party seeking redress, and that such damages are the legitimate consequence of the fraud.

2. SAME—ADVANTAGE DERIVED BY PARTY GUILTY.

It is not necessary, to maintain an action for deceit, that the person guilty of the fraud has derived some advantage therefrom.

3. SAME.

All manner of fraud is abhorrent to the law, and if one person sustains injury through the fraud of another he will be afforded a proper remedy, whether the injury result from some breach of positive law, or from some violation of a right or duty growing out of the relations existing between the parties.

4. SAME—DAMAGES—CONSEQUENTIAL DAMAGES.

Where, by reason of misrepresentations of an agent of a landlord that he had caused the ceiling of a tenant's apartments to be examined and tested, and that it had been found to be secure, the tenant was induced to refrain from herself repairing the ceiling, vacating the premises, or otherwise providing for her protection, as a result of which she remained on the premises and was injured by the falling of the ceiling, the damages sustained by her, though the indirect result of the deceit, were the natural and probable effect of the agent's wrongful conduct, and were therefore proximate, though only consequential to the fraud, and entitled her to recover therefor in an action for deceit of the agent.

5. PRINCIPAL AND AGENT—ACTS OF AGENT—SCOPE OF AUTHORITY—LIABILITY OF PRINCIPAL.

A landlord is answerable for injuries resulting from the misrepresentations and deceit of his agent in respect to premises leased by him, where the representations were made within the scope of the agent's duties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 583–586.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Cora Williams against Isaac Goldberg. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Bertrand L. Pettigrew, for appellant.

Rogers & Rogers (Saul E. Rogers, of counsel), for respondent.

BISCHOFF, J. The action proceeded in form as one to recover damages for physical injuries sustained by the plaintiff in consequence of the defendant's agent's willful misrepresentation and deceit, and resulted in a judgment for the plaintiff in a substantial amount. The plaintiff was a monthly tenant of certain rooms in the defendant's premises. After the recommencement of the term, and before its expiration, on the occasion of the defendant's agent's call for the rent, the plaintiff directed the agent's attention to the decrepit and threatening condition of the ceiling in one of the rooms, expressing her apprehension of injury therefrom and her intention to vacate the rooms. She was assured by the agent that he had caused the ceiling to be examined and tested, and that it had been found to be secure. Later, during the same term, the ceiling fell upon the plaintiff, who, relying upon these assurances, had remained in the occupancy of the rooms, causing physical injuries to her. Upon the trial it appeared from sufficient proof that the ceiling had not been inspected or tested, and the agent's representations that it had were knowingly untrue as a matter of fact, and so the court below found.

An action for damages for fraud and deceit does not necessarily rest in any actual or contemplated contractual relation of the parties, and depends "upon the fact that an injury has been suffered, resulting in damages to the party seeking redress, and that such damages are the legitimate consequence of the fraud." N. Y. Land Imp. Co. v. Chapman, 118 N. Y. 288, 294, 23 N. E. 187, 189. For illustration, reference may be had to the ordinary case where one person is induced to enter into contractual relations with another through the deceit of a third. It is not necessary that the person guilty of the fraud has derived some advantage therefrom. It suffices that the person deceived has suffered a detriment which has resulted in a loss. Allaire v. Whitney, 1 Hill, 484; Northrop v. Hill, 57 N. Y. 351, 15 Am. Rep. 501; Harlow v. La Brum, 151 N. Y. 278, 45 N. E. 859. Here the plaintiff was induced by means of the misrepresentations to refrain from herself repairing the ceiling, vacating the rooms, or otherwise providing for her protection, in either of which events she would have been secure from injury. All manner of fraud is abhorrent to the law, and if one person sustains injury through the fraud of another he will be afforded a proper remedy. Fiero on Torts, 44, citing 1 Com. Dig. 178, "Action on the Case"; Cro. Jac. 193; Cro. Eliz. 701; 1 Com. Dig. 222; Yates v. Joyce, 11 Johns, 136, 140. See, also, Gardner v. Heartt, 3 Denio, 232, 235. As was said by the court in Van Pelt v. McGraw, 4 N. Y. 110, 111:

"It forms no objection to this action that the circumstances of the case are novel, and that no case precisely similar in all respects has previously arisen. The action is based upon very general principles, and is designed to offer relief in all cases where one man is injured by the wrongful act of another, where no other remedy is provided. This injury may result from some

breach of positive law, or some violation of a right or duty growing out of the relations existing between the parties."

True, the plaintiff's injuries were not the immediate result of the defendant's agent's deceit, but of an intervening cause, the fall of the ceiling. They were, however, the indirect result of the deceit, a natural and probable effect of the agent's wrongful conduct, one against which the fraudulent assurances were made, and from which the plaintiff expected to escape in her reliance upon such assurances. Her damages, therefore, were proximate, though only consequential to the fraud. Hale on Damages, 39.

From the testimony of the defendant's witness Harris it appears abundantly that the latter was the agent and alter ego of the defendant in respect to the premises wherein the plaintiff's rooms were located; and, the agent's representations having been made within the scope of his duties, the defendant's answerability therefor is not debatable. Am. & Eng. Ency. of Law (2d Ed.) 1158; Sandford v. Handy, 23 Wend. 263; Weed v. Panama R. R. Co., 17 N. Y. 362, 72 Am. Dec. 474; Smith v. Tracy, 36 N. Y. 79, 83; Nowack v. Metropolitan St. Ry. Co., 166 N. Y. 433, 60 N. E. 32, 54 L. R. A. 592, 82 Am. St. Rep. 691.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). In O'Brien v. Capwell, 59 Barb. 497, 504, says the court:

"As between landlord and tenant, I think the law is well settled, when there is no fraud or false representations or deceit, and in the absence of an express warranty or covenant to repair, that there is no implied covenant that the demised premises are suitable or fit for occupation, or for the particular use which the tenant intends to make of them, or that they are in a safe condition for use."

Neither an express warranty nor covenant to repair appears herein; but the plaintiff bases her claim for an injury on November 20, 1906, from the fall of a ceiling in premises she leased from the defendant, upon alleged false representations made to her by the agent of the defendant after she had become a monthly tenant, so becoming and continuing from August 1, 1906, to January 1, 1907. The plaintiff testified she told the defendant's agent, on or about September 1, 1906, that she was afraid the kitchen ceiling would fall, and that he said it was all right and had been up there for a century; that two months later she told the same agent the cracks in the ceiling had become larger and bulged somewhat, but he said he had and the landlord had had the ceiling tested, and that it was all right and perfectly safe. Upon her cross-examination she testified that what the agent said to her did not seem true, that the ceiling looked as though it would fall, that she spoke to the painter who painted it for the landlord about its appearance, that the ceiling was in worse shape the second conversation than it was before, that it had lots of cracks in it, and that it was sagging down over the tub.

Neither claiming nor showing representations or concealments prior to her hiring and entering into the possession of the premises, the representations claimed to have been made and claimed to have been relied on to her damage, to be actionable, must be so because in reliance thereon she continued her tenancy. In order, however, to recover therefor, she must prove representation, falsity, scienter, deception, and injury. The absence of any of them is fatal to a recovery. Brackett v. Griswold, 112 N. Y. 454, 467, 20 N. E. 376. It does not appear anywhere that a test had not been made. If it be urged that the testimony of the plaintiff that no one in her presence or to her knowledge called to examine the ceiling from August 1, 1906, to January 1, 1907, proves anything, it equally proves her knowledge of its falsity, and so no deception at the time the representation was made. If the assurance by the agent, who denied it, of the safe condition of the ceiling, be treated as the representation of a fact, her own testimony that the ceiling looked as though it would fall, and that the representations of the agent did not seem true, likewise proves her knowledge and disproves her deception. As the condition of that ceiling was equally apparent to both parties herein, and the assurance of safety was apparently not an obligation of the defendant, and so not peculiarly within his knowledge—

"the general rule is that if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing by the exercise of ordinary intelligence the truth or the real quantity of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." Schumaker v. Mather, 133 N. Y. 590, 596, 30 N. E. 755.

Therefore, and, further, because evidence, sought on cross-examination, tending to show equality of the knowledge of the plaintiff and of the defendant's agent with respect to the condition of the ceiling, was improperly excluded on the objection of its incompetency, irrelevancy, and immateriality, the judgment herein in favor of the plaintiff should be reversed, and the case remanded for a new trial.