## WASHBURN v. RAINIER CO.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. SALES (§ 391*)—CONTRACTS—NONPERFORMANCE—RECOVERY OF PRICE.

Where a contract for the sale of an automobile required the seller to deliver it at a designated place and there was no delivery there, though attempts were made to do so, the buyer who had paid the price was entitled on demand to recover the same.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1123; Dec. Dig. § 391.*]

2. SALES (§ 397*)—CONTRACTS—TERMS—PLACE OF DELIVERY—QUESTION FOR JURY.

Evidence in an action to recover the price paid *held* to justify the jury in finding that the seller of an automobile contracted to deliver it at a designated place.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 397.*]

3. PRINCIPAL AND AGENT (§ 171*)—ACTS OF AGENT—EFFECT.

Where an agent had authority to sell an automobile and the principal accepted the benefits of a sale made by the agent who guaranteed the condition of the machine, the principal was bound by the statements of the agent, which were the inducing cause of the sale.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 648; Dec. Dig. § 171.*]

Appeal from Trial Term, New York County.

Action by Henry J. Washburn against the Rainier Company. From an order setting aside the verdict for plaintiff and directing a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

William H. Sage, for appellant.

McLAUGHLIN, J. The plaintiff on the 29th of June, 1905, purchased from the defendant a secondhand automobile for $825. One Haines acted for the defendant in making the sale, which took place at defendant's office. According to the plaintiff's contention, the car was to be delivered to him by defendant at Greenwich, Conn. After three unsuccessful attempts to get the car there, the plaintiff demanded the return of his $825, which was refused, and thereupon this action was brought to recover the same. Plaintiff had a verdict for the amount claimed, which, upon motion of the defendant, was set aside as contrary to the evidence, and a new trial ordered, and he has appealed.

After a careful consideration of the record before us, I am unable to see any ground for setting aside the verdict. Substantially all the material facts are either admitted or uncontradicted. The plaintiff testified that, when he went to the defendant's office, he took with him a Mr. Peelor, who had had experience in the operation of auto cars, and who was a demonstrator for the Spaulding Company; that he took him for the purpose of ascertaining whether or not to purchase the machine in question; that, after he and Peelor had looked

over the machine, Peelor suggested that it be taken out and tried; that thereupon Haines, the defendant's salesman, said:

"That is not necessary. We are a responsible concern. I tell you the car is in perfect condition, and it will run as good as a new car."

The plaintiff was corroborated by Peelor, who testified that Haines said, when the suggestion was made that the car be taken out and tried:

"You know we are a reputable concern, and I will guarantee that car in perfect shape, in first-class running order, and will deliver the car to you at Greenwich, at your home."

In response to this he said to the plaintiff, in the presence of Haines:

"Well, if that is the case, I think they are a reputable house, and, if the price suits you, why, under that condition, I think you won't make a mistake in getting the car."

And the plaintiff then said to Haines:

"If that is the case, I will rely upon the strength of that statement, and I wish you to deliver the car to me in Greenwich, Conn., and provide your own chauffeur."

To this Haines said:

"All right, that is satisfactory."

The car was then paid for, and then, or a little later, the time fixed when it should be delivered. It never was delivered at Greenwich, although three unsuccessful attempts were made to get it there. On the first occasion, the hind axle broke just as the car was leaving the garage. The second time it stopped a short distance from the garage, and would not go, and the same thing occurred on the third trial, after it ran a few miles. After the third failure, the plaintiff immediately went to the defendant's office, and said to a Mr. Caswell, the only man in charge of the office, and the one who had furnished the chauffeur:

"It is the same old story. The car has broken down again, and you will have to send another car to bring it back. I am through. I want my money back."

Defendant refused to return the amount paid. The car never was delivered at Greenwich, and, notwithstanding the foregoing facts were not contradicted, a verdict in favor of the plaintiff was set aside and a new trial ordered.

Substantially the only conflict in the evidence was as to what took place when the first attempt was made to get the car to Greenwich, and as to in whose employ the chauffeurs were who acted on each of the other occasions. The vice president of the defendant testified that he was present on the first occasion and the plaintiff asked if the car was ready, and he informed him it was, that the plaintiff then said he wanted a chauffeur to take him up to Greenwich, and one was procured, and that the plaintiff then accepted the car, and, after he had done so, the axle broke by reason of overloading, and that a discussion then took place as to who ought to pay for the axle; the plaintiff insisting it ought to be done by defendant, inasmuch as there was a flaw

in it, and defendant insisting plaintiff should pay for it. The arrangement was finally made that defendant should do the work and plaintiff would pay what the expense was. There was also some evidence offered by the defendant to the effect that the car was all right at the time it was taken from the garage on the last occasion, and that the chauffeur who then started with it was in plaintiff's employ. But all of this evidence was denied by plaintiff. The defendant's representative who sold the car to the plaintiff, and to whom the purchase price was paid, was not produced, nor was the testimony of these two witnesses as to what took place at the time of the sale contradicted in any way, notwithstanding there was another person in defendant's employ who was present at the time of the transaction.

There was no conflict in the evidence that the plaintiff bought the car and paid the purchase price; that three attempts were made to get it to Greenwich, each of which resulted in failure; that it had never been delivered by defendant at Greenwich; and that the money had never been returned to plaintiff, notwithstanding he had demanded the same. What the defendant claimed was that delivery took place at its office, and that the agent who sold the car had no authority to guarantee its condition. Where the car was to be delivered was at the conclusion of the trial a question of fact, and the finding of the jury that it was to be at Greenwich is sustained by a clear preponderance of evidence. The claim that the agent had no authority to guarantee the condition of the car cannot be sustained. He had authority to sell the car, and the defendant, having accepted the benefits of the sale, must be held responsible for the statements made by him which were the inducing cause of the sale.

The order appealed from, therefore, is reversed and the verdict reinstated, with costs to the appellant. All concur.