### RENARD v. GRENTHAL.

(Supreme Court, Appellate Term, First Department.   February 13, 1914.)

1. EVIDENCE (§ 242*)—ADMISSIONS OF AGENTS—SCOPE OF EMPLOYMENT.
　　While a principal is bound by all admissions made by an agent or employé within the scope of his employment, admissions of a janitor having charge of the renting of flats, made after the ceiling had fallen, that the owner knew long ago that it was threatening to fall and that the janitor could not always tell the truth, if he wanted to rent the flats, but had to do the best he could, to hold his job, to rent the place, were not admissible; being adverse to his employer and not within the scope of his employment.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 893–907; Dec. Dig. § 242.*]

2. EVIDENCE (§ 241*)—ADMISSIONS OF AGENT—SCOPE OF EMPLOYMENT.
　　An employé is not his employer's alter ego, outside the scope of his employment, and statements by the employé against his employer's interest were admissible in evidence only if made on the witness stand subject to cross-examination.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 887–892; Dec. Dig. § 241.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Germaine Renard against Michael Grenthal.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

See, also, 81 Misc. Rep. 135, 142 N. Y. Supp. 328.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Herbert W. Hovey, of New York City (Samuel Greason, Jr., of New York City, of counsel), for appellant.

Bennett E. Siegelstein, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. The plaintiff has recovered a judgment for damages suffered by the fall of a ceiling in an apartment she leased from the defendant. The theory of her cause of action is that the injuries resulted from the false representations of the defendant that it was not necessary to repair the ceiling for the reason that the same had been thoroughly repaired and put in proper condition and thoroughly examined and tested a month before she took the apartment. Williams v. Goldberg, 58 Misc. Rep. 210, 109 N. Y. Supp. 15.

The evidence presented by the plaintiff to show the alleged misrepresentation is the testimony of her husband and herself, that at the time they were shown the apartment the janitor stated that about a month before the walls and ceilings had been patched and fixed in first-class condition; that thereafter they noticed a crack; and that, when they called the janitor's attention to this crack, he repeated this statement; and that, after the ceiling fell, the janitor said:

"Well, the owner knew that long ago, that this was menacing to fall down. * * * I can't always tell the truth if I want to rent the flats. I have to do the best I can to hold my job, to rent the place."

The janitor denied this testimony in all its parts.

[1] While, of course, a principal is bound by all representations and admissions made by an agent or employé within the scope of his employment, and the defendant is therefore bound by any representations made by his janitor, while performing his duty of showing and taking care of the apartment, yet I think it is quite clear that the defendant is not bound by the admissions made after the accident happened, and the testimony that such an admission was made was incompetent. If the janitor made that admission at that time, it was not only not a statement made in the course of his employment which the parties dealing with the representative had a right to consider as a statement authorized by the principal, but it was obviously intended and understood to be a personal statement, made contrary to the principal's directions, and adverse to his employment.

[2] An employé outside the scope of his employment is not the principal's alter ego, and statements made by him against his employer's interests can be received in a court of justice only if given on the witness stand and subjected to the test of cross-examination.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.