JOHN GILMORE and WILLIAM J. GILMORE, Respondents, *v.* ARTHUR M. BUTTS, Appellant.

Third Department, July 7, 1921.

Sales — action to recover for breach of warranty of used motor truck — warranty given by general agent of seller is binding on seller — evidence — reversible error to admit in evidence on behalf of plaintiff pamphlet containing Penal Law, § 436-a.

In an action to recover for breach of warranty in the sale of a used automobile truck it appeared that the plaintiff applied at the defendant's place of business to purchase a used truck; that the defendant's general agent who was in charge showed the truck in question to the plaintiff and represented that everything was new about the car except the block and front axle, that the block was rebored and would give more power than a new car and that the car was in fact better than a new one and would do plaintiff's work.

*Held*, that such representations constituted a warranty and were binding on the defendant since they were made by his general agent acting within the scope of his apparent authority.

So far as the plaintiff was concerned the agent's authority could not be limited by instructions privately given, of which the plaintiff had no knowledge.

It was reversible error, however, in view of the sharp dispute as to whether the failure of the truck to do its work was due to defects in the truck or to the unskillful manner in which the plaintiff used it, for the court to admit in evidence a pamphlet on which was printed section 436-a of the Penal Law, making it a misdemeanor to knowingly buy, sell, receive, dispose of or have in one's possession any motor vehicle with the manufacturer's number removed or defaced for the purpose of concealing or misrepresenting the identity of the car, though as a matter of fact no number appeared on the block in the car sold and there was a dispute as to whether it had been removed, and if so, how; the effect of such evidence was clearly to prejudice the jury against the defendant.

APPEAL by the defendant, Arthur M. Butts, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Delaware on the 12th day of November, 1920, on the verdict of a jury, and also from an order, entered in said clerk's office on the 19th day of November, 1920, denying defendant's motion for a new trial made upon the minutes.

*Owen C. Becker*, for the appellant.

*O'Connor & O'Connor* [*A. L. O'Connor* of counsel], for the respondents.

VAN KIRK, J.:

The complaint states a cause of action for breach of warranty in the sale of an automobile truck. The plaintiffs rescinded the contract, returned the truck and seek to recover the purchase price paid. The court submitted the case to the jury as one for breach of warranty, express or implied, without objection on the part of the attorney for either party.

The plaintiffs are farmers; the defendant is a dealer in automobiles, automobile trucks and farm machinery, with his place of business in Oneonta, N. Y. One of the plaintiffs, William J. Gilmore, in April, 1920, went to the place of business of the defendant, where he saw Charles Hallenbeck, a salesman employed there by defendant. The plaintiff William J. Gilmore had run a Ford car a short time, but had a very limited knowledge concerning automobiles. He told Mr. Hallenbeck that he wanted to get a used truck; told him that

he wished it to draw milk, with a load of not over twenty cans; that the roads over which he wished to use it were " hilly and rutty." Hallenbeck showed him a truck assembled by the defendant, using the front of a Ford touring car and a Dearborn truck attachment, and told him that everything was new about the car except the block and front axle; the block was rebored and would give more power than a new Ford car; was in fact better than a new one, and that it would do his work. This was a warranty given by Hallenbeck, employed by defendant as his agent and salesman. (35 Cyc. 365; *Hawkins* v. *Pemberton,* 51 N. Y. 198, 201; *Washburn* v. *Rainier Co.,* 130 App. Div. 42.)

Upon disputed evidence the questions of fact involved in the action were submitted to the jury, which found in favor of the plaintiffs.

The defendant and Hallenbeck both testified that Hallenbeck had no authority to warrant the truck, and there was no proof of any express authority given by the defendant to Hallenbeck to give any warranty in selling the truck; but if, in giving the warranty, he was acting within the scope of his authority, or if the sale was such as is usually accompanied by warranty, the defendant is bound by the representations of his agent. When dealing with an agent in the ordinary course of business, a purchaser need not inquire into his authority to act. Hallenbeck was defendant's salesman at defendant's place of business. The plaintiff William J. Gilmore had the right to understand that Hallenbeck had authority to act for the defendant and that his authority was not limited to instructions privately given, but included the apparent powers which are usually and customarily possessed by one selling automobile trucks. Hallenbeck did not inform this plaintiff that he had no authority to make any representations as to the truck and its condition. The private instructions which defendant claims to have given Hallenbeck, limiting his apparent powers, cannot injuriously affect this plaintiff, who dealt with the agent in ignorance of such instructions and in reliance upon his apparent authority. (31 Cyc. 1326, 1327.) Hallenbeck was not a special agent appointed to act in one transaction, or selling a particular article, but was the general agent of the defendant to sell

trucks, used or unused. When a purchaser, with little knowledge concerning cars or trucks, came to make a purchase, it must have been understood that the agent should describe the cars, especially used cars, and declare their ·powers, condition and fitness for the work to be undertaken. Such representations would naturally be thought within the scope of his authority. Hallenbeck did describe this truck and made positive statements as to its condition and fitness for use and for the purposes for which the plaintiff desired it. A principal is not permitted to hold out a man as one fit to be trusted and take the proceeds of that man's sales, and then, if a purchaser has been induced to pay his money for a truck which is not at all as represented, secure immunity from liability because he had in substance said to his agent, make no representations about trucks, but sell them. It might perhaps be said that a car of well-known make would be purchased upon its reputation and standing in the trade, but a truck, which has been assembled by a combination of a used Ford car with a truck attachment, one would not expect to purchase except upon the assurance of the seller. Also there was constant trouble with this truck from the day plaintiffs purchased it. This trouble was communicated to the defendant. He was told what assurances had been given to the plaintiff at the time the truck was purchased, and the defendant still retained the purchase price, attempting to repair or fix the truck to make it as good as represented. We conclude that the defendant was bound by the representations of his agent.

There is one erroneous ruling which was prejudicial to the defendant. The questions of fact in the case were very closely contested. There was a very sharp dispute as to whether the failure of the truck to do its work was due to defects in the truck, or to the unskillful manner in which the plaintiffs used it. The plaintiff William J. Gilmore wrote to the Secretary of State, and the Secretary of State replied in a letter inclosing a pamphlet. The letters were not produced, but the pamphlet, marked Exhibit B, was offered in evidence. The defendant objected to its reception as incompetent, irrelevant and immaterial. The objection was overruled and the defendant excepted. Defendant's attorney stated: "I would like to

have it appear   *   *   *   that the defendant's attorney takes exception to the reading of said section " (referring to a section of the Penal Law quoted ·in the pamphlet). The court said: " Received on the question as to whether or not there was any number on the engine of the car, with respect to ability of the plaintiff to receive a license; not upon any other question." Exhibit " B," so received, is as follows:

### " SECTION 872, PENAL LAW.*

" 18. A misdemeanor to knowingly buy, sell, receive, dispose of, conceal or knowingly have in one's possession any motor vehicle with the manufacturer's number, or any other identification mark, removed, defaced, covered, altered or destroyed for the purpose of concealing or misrepresenting the identity of the car."

It appears that the defendant, in June, 1920, in an attempt to fix the car for plaintiffs, substituted a " block " in the place of the one in the truck when sold. No number appeared on this block and there was a dispute as to whether it had been removed and, if so, how. It is difficult to understand what the court meant by its remarks on receiving the exhibit " B." The exhibit could not possibly disclose whether or not there was a number on the engine and the evidence had no bearing upon any issue in the case. There is no evidence that, because there was no number on the block which had been substituted in the car, a license could not be issued for the use of the car. The exhibit simply informed the jury that the defendant was guilty of a misdemeanor if he had sold a car and if the manufacturer's number or other identification mark had been removed, altered or destroyed for the purpose of concealing or misrepresenting the identity of the car. Although there was no proof that a number had been removed or destroyed by this defendant for the purpose of concealing the identity of the car, the jury would immediately receive this impression. It is difficult to understand that there could have been any purpose of introducing this exhibit in evidence except to prejudice the jury. The exhibit would be likely to

---

* *Sic.*   See Penal Law, § 436-a, added by Laws of 1917, chap. 708, as amd. by Laws of 1920, chap. 119.— [REP.

put into the minds of the jury that the defendant was a law-breaker. The exhibit was incompetent and irrelevant, its admission prejudicial to defendant, and the remarks of the court did not remove the wrong.

Having in mind the very sharp contest in the evidence, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.