JOHN C. ELLIS, Appellant, *v.* JAMES P. ALLEN, Respondent.

Supreme Court, Appellate Term, Second Department, June 19, 1925.

Principal and agent — action for purchase price of machine sold by plaintiff to defendant — declaration of agent as to quality of machine inadmissible where made months after sale — sales — breach of warranty — failure of buyer to give notice of defect to seller within reasonable time after learning of breach, precludes recovery.

In an action for the purchase price of a certain machine sold to the defendant by the plaintiff, it was reversible error to admit the declaration of a salesman of plaintiff's assignor made months after the transaction in question, to the effect that the machine had been used when he sold it to the defendant, since declarations of an agent, made subsequently, and having no connection with any transaction then being conducted by said agent upon authority of his principal, are inadmissible.

Nor was defendant entitled to prove a breach of warranty, where, instead of giving notice to the seller within a reasonable time after learning of the said breach, he continued to use the machine for years thereafter.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, First District.

*Samuel Weinstein,* for the appellant.

*William McDermott,* for the respondent.

PER CURIAM:

Judgment, in so far as appealed from, unanimously reversed upon the law, with thirty dollars costs to appellant, and judgment

directed for plaintiff for ninety dollars, the amount admittedly unpaid, with appropriate costs in the court below.

It was error to admit proof of the declarations of the salesman of plaintiff's assignor, made months after the transaction in question, to the effect that he knew the machine had been used when he sold it to the defendant, although he then represented it to be new.

Declarations of an agent, made in connection with the transaction of the business of his principal, may be admissible against the latter. (*Sharlette* v. *Lake Placid Co.*, 194 App. Div. 844.)

But declarations of an agent, made subsequently, and which have no connection with any transaction then being conducted by him with authority of his principal, are inadmissible. (*Anderson* v. *Rome, W. & O. R. R. Co.*, 54 N. Y. 334; *State Bank of Brocton* v. *Brocton Fruit Juice Co.*, 208 id. 492, 495; *Renard* v. *Grenthal*, 145 N. Y. Supp. 947.)

But, even if there had been proper proof of a breach of warranty, the defendant could not take advantage of it, as he failed to give notice to the seller within a reasonable time after he learned of the breach, and continued to use the machine for years thereafter.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.