FRED W. HOCH ASSOCIATES, INC., Respondent, *v.* WESTERN NEWS-PAPER UNION, INC., Appellant.

Argued February 22, 1955; decided April 28, 1955.

*Frederick W. P. Lorenzen, Bruce R. Tuttle, Stanley Godofsky* and *Charles F. Young* for appellant. I. Plaintiff's conduct estops it from claiming a commission from defendant. (*Sibbald*

v. *Bethlehem Iron Co.,* 83 N. Y. 378; *Elco Shoe Manufacturers* v. *Sisk,* 260 N. Y. 100; *Dickinson* v. *Tysen,* 209 N. Y. 395; *Greenfield* v. *Bausch,* 238 App. Div. 52; *Anglo Eastern Trading Co.* v. *New Tread Tire Co.,* 222 App. Div. 475; *Lent-Agnew Realty Co.* v. *Trebert,* 212 App. Div. 460; *Courtney* v. *Rhodes,* 148 App. Div. 799; *Howard* v. *McCredie,* 198 App. Div. 49; *Richmond Hill Realty Co.* v. *East Richmond Hill Land Co.,* 246 App. Div. 301; *Gregg* v. *Von Phul,* 1 Wall. [U. S.] 274.) II. Plaintiff was not the procuring cause of the sale. (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; *Satterthwaite* v. *Vreeland,* 3 Hun 152; *Hay* v. *Platt,* 66 Hun 488; *Freedman* v. *Havemeyer,* 37 App. Div. 518; *Paige* v. *Powers,* 215 App. Div. 721; *Sampson* v. *Ottinger,* 93 App. Div. 226; *Haase* v. *Ullmann,* 148 App. Div. 40; *Carroll* v. *Pettit,* 67 Hun 418.) III. Admission of evidence relating to plaintiff's unsuccessful efforts to procure Chernoble as a purchaser entitles defendant to a new trial. (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; *Engel* v. *United Traction Co.,* 203 N. Y. 321.)

*Francis J. Ryan, Jr.,* for respondent. I. The record is barren of any factual premise for estoppel against plaintiff. (*Courtney* v. *Rhodes,* 148 App. Div. 799; *Howard* v. *McCredie,* 198 App. Div. 49; *Nolan* v. *Brooklyn City & Newtown R. R. Co.,* 87 N. Y. 63.) II. No question of law is raised by the appeal; the verdict and judgments below find support in the record. (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; *Lloyd* v. *Matthews,* 51 N. Y. 124; *Sussdorff* v. *Schmidt,* 55 N. Y. 319; *Palmer* v. *Durand,* 62 App. Div. 467; *Travis* v. *Bowron,* 138 App. Div. 554; *Karlin* v. *Heller,* 137 Misc. 261.) III. The admission of evidence relating to Chernoble was proper. (*Buckin* v. *Long Is. R. R. Co.,* 286 N. Y. 146; *Berner* v. *Board of Educ., North Tonawanda,* 286 N. Y. 174; *Leonard* v. *Home Owners' Loan Corp.,* 297 N. Y. 103.)

FROESSEL, J. This is an action for brokerage commissions allegedly earned in the sale of defendant's publications printing plant. Plaintiff recovered a judgment in the sum of upwards of $19,500 after a jury trial, and the Appellate Division unanimously affirmed without opinion. It will serve no useful purpose to review the voluminous evidence adduced upon the trial; suffice it to say that, viewing the evidence — absent error in its receipt — in the light most favorable to plaintiff, as we must,

the jury was entitled to resolve the factual issues. Accordingly, defendant's contention that plaintiff has failed as a matter of law to make out a prima facie case must fail.

Defendant also claims that plaintiff's conduct estops it from claiming a commission on this sale. Upon this record, we find the evidence in that connection insufficient to warrant its submission to the jury. More particularly, one of the essential elements of estoppel — knowledge on the part of plaintiff imposing on him a duty to speak — is entirely lacking.

We come, then, to defendant's final contention concerning the admissibility over its counsel's repeated and strenuous objections of considerable evidence showing plaintiff's unsuccessful efforts to sell defendant's printing plant to one Samuel Chernoble, an individual other than the ultimate purchaser whom plaintiff claimed to have procured. It is fundamental that, for such unsuccessful efforts, a broker must go uncompensated (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 383), and evidence thereof is not only immaterial but may strongly tend to prejudice the jury, particularly where, as here, the claim was vigorously contested.

Accordingly, the trial court's receipt of this evidence on the merits of the case, "as part of the services rendered" by plaintiff, was serious error, which in our opinion was not cured, after a change of mind, by its belated attempt in its charge to restrict its use solely to that of corroborating a small portion of plaintiff's testimony (*Arthur* v. *Griswold*, 55 N. Y. 400, 408; *Erben* v. *Lorillard*, 19 N. Y. 299; *Russell* v. *New York Central & H. R. R. R. Co.*, 96 App. Div. 151, 153; *Martin* v. *Paddleford*, 183 App. Div. 354; see *Greenberg* v. *Prudential Ins. Co. of America*, 266 App. Div. 685; *Gilmore* v. *Butts*, 198 App. Div. 108). Even for such purpose, it was also erroneous since it was clearly hearsay. Chernoble's testimony could not be received for the purpose of corroborating plaintiff's testimony as to the price at which plaintiff claimed defendant's officer Brown authorized him to offer the printing plant for sale. Such testimony was not admissible as proof of what Brown said; at best, what plaintiff told Chernoble that Brown had said was hearsay from Chernoble's lips. This is not corroboration of plaintiff's testimony.

Nor does the record support plaintiff's argument, suggested for the first time on appeal, that the evidence could properly have been received as bearing upon the credibility of defendant's witnesses, since, among other reasons, defendant's witnesses had not yet even been called to testify.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CONWAY, Ch. J., DESMOND, DYE, FULD, VAN VOORHIS and BURKE, JJ., concur.

Judgments reversed, etc.