**BLACKBURN & COMPANY, Incorporated, Plaintiff-Appellant,**

v.

**Roy H. PARK, Defendant-Appellee.**

No. 151, Docket 29961.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1965.

Decided Feb. 23, 1966.

**526**

Gerald Dickler, New York City (Hall, Casey, Dickler & Howley, New York City, Milford Fenster, New York City, of counsel), for plaintiff-appellant.

Willis D. Morgan, Utica, N. Y. (Kernan & Kernan, Utica, N. Y., John E. Hunt, Utica, N. Y., of counsel), for defendant-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

PER CURIAM:

The plaintiff in this diversity action in the District Court for the Northern District of New York, is a District of Columbia corporation whose principal business is acting as a finder, broker or agent in the purchase and sale of radio and television stations. It sought compensation of $127,873 from the defendant Park, a New York businessman, for acting as an intermediary in his purchase of a television station in Greenville, N. C., by acquiring the stock of Carolina Broadcasting Company; the claims rested alternatively on an oral New York contract to pay commissions and on *quantum meruit*. Judge Brennan held the contract was for services as a broker rather than a finder, and as such was void because not in writing as required by the New York Statute of Frauds; he denied recovery in *quantum meruit* on the grounds that plaintiff could not recover on the same basis and theory advanced in its unenforceable contract claim and that in any event plaintiff did not succeed in bringing about the result for which it sought compensation.

■ Finding recovery on contract or quasi-contract to be barred whether the plaintiff was acting as a broker or a finder, we agree with the court's result, although not with all of its reasoning. If indeed plaintiff was engaged to negotiate the terms of the transaction as a broker, the alleged oral contract was void under the Statute of Frauds, New York Personal Property Law, McKinney's Consol.Laws, ch. 41, § 31(10). And its claim in *quantum meruit* was properly denied both because its efforts as a broker were unsuccessful and it abandoned the enterprise without effecting an agreement, see Sibbald v. Bethlehem Iron Co., 83 N.Y. 378, 383 (1881); Hoch Associates, Inc. v. Western Newspaper Union, Inc., 308 N.Y. 461, 463, 126 N.E.2d 749, 750 (1955), and because it failed in its duty to Park as explained below. If, on the other hand, Park engaged plaintiff to find a seller from which he could purchase, an action, whether on an express agreement, even if this was not then covered by the New York Statute of Frauds, or in quasi-contract, was barred by lack of good faith performance. The evidence showed that, at a time when plaintiff on its present view of its status was supposed to be representing the interests of Park, it wrote a number of letters clearly designed to prepare the way for purchase of the property by other buyers. An agent that has thus disregarded its principal's interests cannot recover for services rendered. See Murray v. Beard, 102 N.Y. 505, 508, 7 N.E. 553, 554 (1886); Lamdin v. Broadway Surface Advertising Corp., 272 N.Y. 133, 138, 5 N.E.2d 66, 67 (1936).

■■ In fact, however, the evidence indicates that plaintiff was not engaged by Park either as a "broker" or a "finder" in the ordinary sense of those terms. In contrast to the usual case, here the prospective buyer and principal, Park, had already "found" the seller on his own. Prior to any dealings with the plaintiff, he had learned of the possible availability of the television station from Connie Gay, a former acquaintance, who, having just terminated unsuccessful negotiations to buy it on his own account, informed Park that plaintiff was holding an "option" to purchase the station for him.

Park's getting in touch with plaintiff and any oral undertaking to pay its sizable commission were founded on the belief, fostered by Gay and the plaintiff, that Carolina could be approached only through it. And his continued reliance on plaintiff after the "option" expired nine days later seems to have been based on an undispelled misapprehension that plaintiff alone had been engaged by Carolina or individual stockholders to find a buyer and was entitled to a commission for doing so. In fact plaintiff had no continuing arrangement with the prospective sellers but was endeavoring on its own account to find a buyer to whom it could look for its fee—a role consistent with its seeking out other prospective buyers before Park dismissed it. Park learned of the tenuous nature of plaintiff's position only when a stockholder-director of Carolina informed him, in a statement the good faith of which is not challenged, that no deal could be made if plaintiff was acting for him. When Park so informed plaintiff, it forthwith left the scene without any indication that it thought Park had a continuing liability to it. Park was ultimately able to consummate the purchase on his own—six months after plaintiff had ceased its efforts and at a different, much higher price than anything plaintiff had ever proposed.

The only fair inference from all this is that, whatever undertaking Park made was based on a misapprehension, cultivated by plaintiff, that the latter was in an exclusive position to find a buyer for the station. It is inconceivable that if he had understood the true situation after expiration of the so-called "option," Park would have agreed to pay a commission in excess of $100,000 for finding an opportunity he had already found on his own, or for assisting him in working out the details which he was quite competent to perform by himself. Since Park's mistake was clearly attributable to the plaintiff, he was justified in rescinding the contract on discovery of the truth and proceeding without the aid, or hindrance, of the plaintiff's services. See Restatement, Contracts § 476(1); Restatement (Second), Agency § 469, Comment (c). As for liability in *quantum meruit* under this view of the facts, Park obviously could not be held to pay for plaintiff's finding an opportunity which he had found himself or for consummating a purchase which he made on his own. While the judge might have been warranted in awarding something for the time and expense incurred at Park's request, even though the request stemmed from a misapprehension, plaintiff chose to play for higher stakes, and, so far as we can discover, never submitted such a claim.

Affirmed.