■ In the Matter of LANDON ZUCKERMAN, Respondent. SAMUEL GREASON, Petitioner.— Motion by respondent, a suspended attorney, for reconsideration of this court's decision, dated July 10, 1967, which suspended him from the practice of law for five years as of April 10, 1965 (*Matter of Zuckerman*, 28 A D 2d 907, affd. 20 N Y 2d 430), and to restore him to the practice of law. Motion denied. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ MARY D. BAIRD, Respondent, v. THOMAS BARDIS, Defendant and Third-Party Plaintiff-Respondent-Appellant. ROCCO M. RANAUDO, Third-Party Defendant-Appellant.— Two judgments of the Supreme Court, Nassau County, dated May 1, 1968 and May 8, 1968, respectively, reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below have not been affirmed. In our opinion, there was conflicting evidence as to the rate of plaintiff's commission and the scope of her agency. The issues thereon should have been submitted to the jury. Further, there was error in the refusal to charge the jury that, under an open listing, the owner had the right to personally negotiate a sale with a purchaser other than the broker's prospect. On the new trial, evidence of plaintiff's unsuccessful efforts to sell to persons other than John or Rocco Ranaudo should be received only for relevant purposes and only to the extent necessary (cf. *Hoch Assoc.* v. *Western Newspaper Union,* 308 N. Y. 461, 463). Lastly, we do not think it was error for the court to decide the third-party action as a matter of law, since the findings of fact implicit in the jury's determination of the main action must determine the disposition of the indemnity claim. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.