LUCRETIA W. BARRON v. A. G. LIEDLOFF and Others.[1]

July 21, 1905.

Nos. 14,399—(154).

**Negligence of Landlord.**

Action to recover for personal injuries claimed to have been sustained by the plaintiff by reason of the alleged negligence of the defendants in making and failing to make repairs upon premises occupied by her, which they agreed to make. *Held*:

1. Where a landlord agrees to repair and keep in repair the leased premises, his right to enter and have possession of the premises for that purpose is necessarily implied, and his duties and liabilities are in some respects similar to those of an owner and occupant. And if his negligence in making or failing to make the repairs results in an unsafe condition of the premises, he is liable for injuries caused thereby to persons lawfully upon the premises, who are not guilty of contributory negligence on their part.

2. The evidence in this case sustains the verdict to the effect that the defendants were guilty of such negligence, and that the plaintiff was not guilty of contributory negligence.

Action in the district court for Blue Earth county by plaintiff, a subtenant, to recover from defendants, as landlords, $2,100 for personal injuries occasioned by the neglect of defendants to repair and keep in repair the floor of a porch appurtenant to the leased premises, as covenanted in the original lease. The case was tried before Lorin Cray, J., and a jury, which rendered a verdict in favor of plaintiff for $200. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*W. A. Funk,* for appellants.
*Plymat & Plymat,* for respondent.

START, C. J.

The defendants are the owners of a two-story brick store and living rooms on Front street, in the city of Mankato, and on February 24, 1904, they gave a written lease thereof to William R. Crandall for the

[1] Reported in 104 N. W. 289.

term of one year, to commence March 15 thereafter. In and by the lease the defendants agreed to put the premises in first-class condition, and to care for ordinary repairs. The lease contained no limitations on the right of the lessee to sublet the premises, or any part of them. He sublet to the plaintiff two of the living rooms in the second story of the building, with the right to use an adjoining porch, which was a part of the building. The plaintiff, on September 22, 1904, and while she was occupying the rooms as such sublessee, was injured by the breaking of a board in the floor of the porch upon which she stepped, whereby she was thrown down. It is claimed that the floor was decayed, and in a dangerous condition, by reason of the negligence of the defendants in failing to put it in a safe condition of repair and by the negligent manner in which repairs undertaken by them were made. This action was brought to recover damages for the personal injuries so sustained by the plaintiff. She obtained a verdict for $200, and the defendants appealed from an order denying their motion for a new trial.

The important contention of the defendants is that, as a matter of law, the plaintiff cannot recover in this case for the reasons following, namely:

1. The measure of damages for a breach of a covenant by the lessor to keep the leased premises in repair is the difference between the agreed rent and the rental value of the premises without the repairs, and that damages for personal injuries are too remote. It may be conceded that this is the correct measure of damages in an action on the contract, but the rule has no application to an action in tort to recover damages for personal injuries sustained by the negligence of the lessor in making or failing to make repairs which he agreed to make by his lease. Such alleged negligence was the basis of recovery submitted by the trial court to the jury in this case. Where there is no agreement by a landlord to do so, he is under no legal obligation to make repairs upon the leased premises; nor is he liable to the tenant or any other person for injuries resulting from the premises being out of repair when he is not guilty of any fraud or concealment and the defects in the premises are equally obvious to all parties. Harpel v. Fall, 63 Minn. 520, 65 N. W. 913. But where the landlord agrees to repair and keep in repair the leased premises, his right to enter and have pos-

session of the premises for that purpose is necessarily implied, and his duties and liabilities are in some respects similar to those of an owner and occupant. And if his negligence in making or failing to make the repairs results in an unsafe condition of the premises, he is liable for injuries caused thereby to persons lawfully upon the premises, who are not guilty of contributory negligence on their part. 18 Am. & Eng. Enc. (2d Ed.) 236; Olson v. Schultz, 67 Minn. 494, 70 N. W. 779; Wilcox v. Hines, 100 Tenn. 538, 46 S. W. 297.

The landlord, however, is not a guarantor of the safety of the premises, for, as suggested, his liability does not rest upon contract, but upon his negligence; the contract to repair being a mere matter of inducement, from which arises his affirmative duty to exercise care as to the condition of the leased premises. It is not necessary to show that he had actual notice of the unsafe condition of the premises in order to charge him with negligence, for it is sufficient if it be shown that he either knew, or by the exercise of ordinary care he might have known, their condition. The evidence in this case as to the defendants' alleged negligence is sufficient to sustain the finding of the jury on the question.

It is also urged by the defendants that there was no contractual relation between them and the plaintiff. Whether this be so or not is immaterial, for the plaintiff, by virtue of her sublease, was rightfully upon and using the premises.

2. The defendants further contend that the undisputed evidence establishes as a matter of law the contributory negligence of the plaintiff. This presents the most doubtful question in the case, but upon a consideration of the whole evidence relevant thereto we are of the opinion that the question was one of fact. The court clearly and fairly submitted the question to the jury, and their verdict is sustained by the evidence.

3. The defendants assign as error certain rulings of the trial court as to the admission of evidence. Only three of them are urged in defendants' brief; hence all others are waived. The first one urged relates to the admission of the testimony of a former tenant, who occupied the premises just prior to the time they were occupied under the lease here in question, to the effect that he told one of the defendants that the porch was in an unsafe condition, and if it was not re-

paired some one was liable to be injured thereby. This evidence was received over the objection of the defendants, and properly so, as it tended to charge the defendants with knowledge of the condition of the porch. The next alleged error relates to the admission of the testimony of the plaintiff as to the amount she paid the physician who treated her for her injuries. The objection is that this was not the best evidence of the fact, nor was it competent evidence of her damages. It is not apparent from the record that there was any better evidence of the amount she paid to the physician than her own testimony, as it was a matter within her own personal knowledge. The fact of payment was relevant to the question of damages, which were properly alleged in the complaint. The last error relates to the admission of a conversation between the lessee and the plaintiff tending to show a subletting of a part of the premises to her. This was proper for the purpose of showing that she was rightfully upon the premises when she was injured. We find no reversible error in the record.

Order affirmed.