*H. Parker & H. H. Fuller*, for the defendant.

*W. N. Swain, E. N. Carpenter & G. M. Nay*, for the plaintiff.

---

LUCY WALSH *vs.* FRED SCHMIDT.

Hampden.     June 25, 1910. — September 7, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Landlord and Tenant*, Landlord's liability to member of tenant's family. *Warranty. Contract*, What constitutes. *Actionable Tort.*

The declaration in an action of tort against the owner of a house by the wife of a tenant therein, to recover for personal injuries received by the plaintiff by reason of a chair upon which she was standing on the back piazza of the house, while washing a window, breaking through the floor of the piazza because of a rotten condition of the floor, alleged " that the defendant expressly warranted the premises to be fit and safe for the occupancy of the plaintiff's husband and family." The only evidence as to such an express warranty was in the testimony of the plaintiff and of her husband. The plaintiff testified that the defendant before the contract of letting was made "said he fixed the house all right; it was fit for any one to live in it," that he said "he would fix it up to live in, fix it up in good shape. My husband asked him what kind of a house it was, if it was all right; he said, 'Yes.' . . . He said it be all right and a good place to live." The husband's testimony was of a like purport. It appeared that the floor was open to inspection from above and below, that its condition could have been discovered at any time as easily by the plaintiff and her husband as by the defendant, that the defendant had no knowledge that the floor was not safe at the time of the letting, and that the plaintiff and her husband occupied the premises for five months before the accident and never made any complaint to the defendant. *Held*, that there was no implied duty or contract on the part of the defendant to keep the premises in a safe condition while they were in the possession of the defendant, that there was no implied warranty that the house or the piazza floor was safe and fit for occupancy at the time of the letting, and that the evidence would not warrant a finding that there was an express warranty by the defendant of such soundness and strength of every part of the house, including the floor of the piazza, that it would not give way in any place under the strain that the plaintiff put upon it.

*Whether,* in case the owner of a certain dwelling house expressly warrants to a tenant that the back piazza will stand the strain caused by one standing to wash windows upon a chair, the legs of which are near the edge of the piazza which is against the wall of the house, and the wife of such tenant, while so using the piazza five months after the time of letting, is injured by a chair leg breaking through the floor, she can maintain an action of tort against the owner for the injury, here was not decided.

KNOWLTON, C. J.   This is an action of tort, to recover for personal injuries received by the plaintiff while standing upon a chair on the back piazza of a dwelling house, washing a window. One leg of the chair broke through the floor near the wall of the building, and the plaintiff fell.   The defendant was the owner of the house which the plaintiff's husband occupied as his tenant. The declaration is for negligence of the defendant in allowing the floor to become rotten and defective.   The plaintiff and her husband and his family had lived in the house about five months at the time of the accident.   The question before us is whether there was evidence on which the plaintiff could recover.[*]

It is plain that there was no implied contract or duty on the part of the defendant to keep the premises in a safe condition while they were in possession of the tenant.   *Galvin* v. *Beals,* 187 Mass. 250.   *Miles* v. *Janvrin,* 196 Mass. 431; *S. C.* 200 Mass. 514.   There was no allegation or evidence that there was any fraud on the part of the defendant, or any liability for the concealment of a dangerous condition of which he had knowledge.   *Clogston* v. *Martin,* 182 Mass. 469.   *Booth* v. *Merriam,* 155 Mass. 521.   *O'Malley* v. *Twenty-Five Associates,* 178 Mass. 555.   Indeed, the evidence tended to show not only that the defendant had no knowledge that the floor was not safe at the time of the letting, but that there was nothing in the appearance of it to indicate that it was unsafe.

There was no implied warranty that the house or the piazza floor was safe and fit for occupancy at the time of the letting. *Bowe* v. *Hunking,* 135 Mass. 380.   *Booth* v. *Merriam,* 155 Mass. 521.   *Tuttle* v. *Gilbert Manuf. Co.* 145 Mass. 169.

In the plaintiff's declaration there is an averment " that the defendant expressly warranted the premises to be fit and safe

---

[*] The case was submitted to the jury by *King,* J., and there was a verdict for the plaintiff for $75.   The defendant alleged exceptions.

for the occupancy of the plaintiff's husband and family." The claim of a right to recover upon this averment presents the only question in the case which is in the least doubtful. Unless there was an express warranty covering the condition which caused the accident, it is plain that there is no cause of action. The testimony of the plaintiff on this point was that the defendant " said he fixed the house all right ; it was fit for anybody to live in it." This was before the contract of hiring was made. She testified that he said " he would fix it up to live in, fix it up in good shape. My husband asked him what kind of a house it was, if it was all right; he said ' Yes.' . . . He said it be all right and a good place to live. He kept talking to my husband, I didn't pay no attention." The testimony of the plaintiff's husband was of similar purport. It appeared that both the plaintiff and her husband looked over the house and examined it as much as they chose. They passed over this piazza several times a day during the five months before the accident. The condition of the floor could have been as easily discovered at any time by the plaintiff or her husband as by the defendant. The floor was open to inspection from below as well as from above. Neither the plaintiff nor her husband ever complained to the defendant of the condition of the floor.

The rule *caveat emptor* applies to the purchase and hiring of real estate, and the question before us is whether this testimony, having reference to the subject and nature of the conversation between the parties, would warrant a finding that the defendant expressly warranted the house to be in perfect condition in all its parts, so that no accident could happen through any imperfection in it, from any proper use that could be made of it. We are of opinion that it would not. The statement was that the house was good, safe and fit to live in. This was of the most general character. It was in the nature of representation and recommendation, or " dealer's talk," which should be treated as the expression of an opinion about the effect of conditions which in general were open and obvious, rather than as a warranty as to the details of construction or soundness. As to these matters the plaintiff and her husband could observe and judge as well as he could. It is not to be supposed that they took the house, relying upon these representations as express stipulations in a

contract which made the relations of the parties in this respect entirely different from those of ordinary landlords and tenants. We are of opinion that the jury were not warranted in finding that there was an express warranty of the soundness and strength of every part of the house, including the floor of the piazza, to such a degree that it would not give way in any place under circumstances of peculiar and unusual strain upon it.

Another question, which has not been argued, is whether, if there were an express warranty in the contract with the plaintiff's husband, this plaintiff could maintain an action of tort founded on a contract to which she was not a party, for an accident that occurred five months afterwards, when the defendant was under no legal obligation to keep the premises in repair. The case differs materially from *Farrell* v. *Manhattan Market Co.* 198 Mass. 271, 274. Upon this part of the case we express no opinion.

The exceptions must be sustained, and under the St. 1909, c. 236, the entry must be

*Judgment for the defendant.*

The case was submitted on briefs.

*F. A. Ballou,* for the defendant.

No counsel appeared for the plaintiff.