FUNK & WAGNALLS CO. v. ROEMER.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

SALES (§ 38*)—FRAUDULENT REPRESENTATIONS—CANCELLATION OF SALE—EX-
PRESSION OF OPINION.

> Though a book salesman induced a purchase of books by telling a wife
> that her husband would not be angry with her for making the purchase,
> it was not a representation of fact, and cannot be considered to have
> been false, but was rather a mere expression of opinion as to a future
> state of mind of the husband, and its making would not authorize a can-
> cellation of the order as induced by fraud.

> [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 65-77, 85; Dec.
> Dig. § 38.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by the Funk & Wagnalls Company against Augusta Roemer.
From a judgment for defendant, plaintiff appeals. Reversed, and
new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BI-
JUR, JJ.

Loeb, Bernstein & Ash, of New York City (Milton B. Loeb and
Max Ash, both of New York City, of counsel), for appellant.

Ely Rosenberg, of New York City, for respondent.

BIJUR, J. This action was brought on an order for books signed
by defendant. The order was accepted by the plaintiff, and the books
delivered. Thereafter defendant offered to return them, and cancel
her order, which offer plaintiff refused.

The only defense relied upon was fraudulent representations by
plaintiff's agent in inducing defendant to sign the order. These al-
leged representations consisted in the statement by plaintiff's agent to
defendant that her husband would not be angry with her for buying
the books. The husband, as a witness, testified that a few weeks
before he had refused to buy the books, because he could not afford
to, and that he was absent when his wife was induced to sign the
order on her own behalf. The alleged statement of plaintiff's agent
to the defendant was not in any sense of the word a representation
of a fact, nor can it be said to have been shown to have been false.
It was, at best, a mere expression of an opinion as to a future state
of mind of defendant's husband. It is also significant that in her
letter, written about three weeks after she had ordered the books, and
offering to cancel the order, defendant made no reference to any
false representations.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event. All concur.