(81 Misc. Rep. 135.)

### RENARD v. GRENTHAL.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. PRINCIPAL AND AGENT (§ 156*)—REPRESENTATIONS OF AGENT—LIABILITY.
    Where a lessee was injured by the fall of plaster in an apartment, she cannot recover, on the theory of misrepresentations by the lessor, because the janitor in charge informed her that the ceiling had been fixed and that there was no danger; his statement that it had been repaired being true, and the observation as to the danger being a mere statement of opinion, which would not justify the lessee in relying thereon.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 583–587; Dec. Dig. § 156.*]

2. LANDLORD AND TENANT (§ 164*) — INJURIES TO TENANT — IMPLIED COVENANTS AS BETWEEN LESSOR AND LESSEE.
    There is no implied covenant from the letting that the demised premises are safe to live in or fit for the use the tenant intends to make of them, and therefore a tenant cannot recover damages for personal injuries caused by defects in the premises, except on the ground of false and fraudulent representations.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Germaine Renard against Michael Grenthal. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Herbert W. Hovey, of New York City (Samuel Greason, Jr., of New York City, of counsel), for appellant.

Bennett E. Siegelstein, of New York City, for respondent.

WHITAKER, J. This is an action brought by plaintiff to recover damages for personal injuries sustained by plaintiff from the falling of a ceiling. Defendant was the owner of a tenement house on Columbus avenue. About September 28, 1912, plaintiff went to the premises and saw the janitor in charge, who it is undisputed was the agent of defendant for the purpose of renting and caring for the apartments. Plaintiff testified that she saw the apartment was not in very good condition. The janitor promised to touch up certain rooms, and to put some varnish on the parlor woodwork. The parlor is the room in which the ceiling fell that caused the injury, and the janitor stated that the owner was not willing to fix the parlor. The janitor stated that all the rooms, including the parlor, had been put in good order a month ago, and that the parlor ceiling had been papered. Nothing was done to the parlor ceiling for plaintiff. On October 28th, after plaintiff had taken possession, she called the janitor's attention to a crack in the ceiling, stating that she was afraid it would come down. The janitor stated "there was no danger," not to be afraid, as it had already been fixed. Plaintiff remained in the apartment.

[1] Those are the representations made to the plaintiff. They were substantially true. The janitor testified that the ceiling was repaired two months before the plaintiff moved in. This reduces the statement of safety made by the janitor to the mere expression of his opinion. Plaintiff relies upon the case of Williams v. Goldberg, 58 Misc. Rep. 210, 109 N. Y. Supp. 15, and her attorney evidently endeavored to bring the facts within the rules therein laid down, but in my opinion he has failed. In the Williams Case the plaintiff called the attention of the landlord to the ceiling and stated that she was afraid it would fall. He replied that it was all right, and had been up for a century; and thereafter she again called his attention to the ceiling, and he stated that he had had it tested—that it was all right and perfectly safe. This representation was false, and was relied upon by plaintiff. In the case at bar the representation that the ceiling had been fixed about a month ago was substantially true. The statement that there "was no danger," if anything more than the expression of an opinion, did not justify the plaintiff in relying upon it, inasmuch as plaintiff had equal opportunity for observation. It was no warranty. Long v. Warren, 68 N. Y. 426.

[2] As between landlord and tenant, there is no implied covenant that the demised premises are safe to live in, or are fit for the use the tenant intends to make of them. O'Brien v. Capwell, 59 Barb. 497. The only ground upon which plaintiff can successfully base her action is false and fraudulent representations. The record discloses no such false or fraudulent representations as the law recognizes as a basis for an action.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.