AUGUSTA WALLQUIST *vs.* FREDERICK W. ROGERS, trustee.

Middlesex. November 9, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant,* Landlord's liability in tort to member of tenant's household.

At the trial of an action of tort against a landlord by a member of the household of the plaintiff's daughter, a tenant, for personal injuries caused by the falling upon the plaintiff of a marble slab left leaning against the cellar wall by the side of a platform at the bottom of stairs leading to the cellar, there was evidence tending to show that, previous to the letting, the tenant had inspected the premises and had found the cellar full of rubbish; that the landlord's agent

had told her that "everything would be fixed up after" she moved in; that she thereupon paid a deposit; that several weeks later she moved in and found the cellar in the same condition as when she previously had inspected it; that she spoke to the agent, and he said he "would have a man come up and clean it all out . . . the next day," which was done. The injury to the plaintiff occurred about nine months later. The slab formerly had been the property of the defendant's father, who had occupied the premises, and after the father's death it had remained stored on the premises. The defendant had reserved no right so to store it. There was no evidence that its position had been changed during the tenancy. *Held,* that there was no evidence warranting a verdict for the plaintiff.

TORT for personal injuries due to the falling upon the plaintiff on April 16, 1915, of a marble slab which had leaned against the wall by the side of a platform at the foot of stairs leading from the kitchen to the cellar in a house occupied by the plaintiff's daughter as a tenant of the defendant. Writ dated October 21, 1915.

In the Superior Court the action was tried before *McLaughlin,* J. The testimony of the plaintiff's daughter as to the promise relating to cleaning out the cellar, referred to in the opinion, was as follows: That she first inspected the premises, before letting them, early in July, 1914; "that the floors were not swept up; that the cellar stairs 'was full of rubbish and broken bottles, so I didn't go down, and it was quite dark, so I didn't trust myself to go down;' that she then went back to the defendant's office, talked with Mr. Leslie Rogers, who had charge of renting and collection of rents of this and other property of the defendant trustee; 'we talked about the house, and he said he was going to have it fixed up in perfect condition, and asked me if I had seen the furnace down in the cellar; I said no, I couldn't, the cellar was full of rubbish, and I settled up about the terms with him, and everything would be fixed up after we moved in;' that thereafter she said 'All right,' and paid a deposit on the house; that this occurred the first part of July; that on the twenty-seventh or twenty-eighth day of July she went to the defendant's office and paid the balance of the rent, $45; that she was informed that the painter had the keys and they would be sent to her on the following day; the keys were brought up to the house the following day while the tenant was moving in; that the cellar stairs 'seemed to be in the same condition as to the dirt;' that the platform at the foot of the cellar

stairs was 'exactly the same as the first day I saw it;' that Leslie
Rogers came in the afternoon and that the tenant spoke to him
about the cellar, and 'he told me he would have a man come up
and clean it all out for me the next day;' that a man came the
following day after they had moved in."

Other material evidence is described in the opinion. At the
close of the evidence, the judge ordered a verdict for the defend-
ant; and the plaintiff alleged exceptions.

*M. Witte*, (*J. L. Dyer* with him,) for the plaintiff.

*W. I. Badger, Jr.*, (*L. C. Doyle* with him,) for the defendant.

BRALEY, J. The plaintiff, the aged mother of the tenant at will
and a member of the tenant's household, was injured by the fall-
ing upon her of a marble slab weighing about six hundred pounds,
which was in the cellar of the house at the time of the letting. It
appears that originally the slab with other slabs had been stored
on the opposite side of the cellar by the defendant's father who
then owned the premises, which after his death were occupied for
some years by the defendant and his mother. And the present
tenant is the second lessee after their occupation had terminated.
During a period of some fourteen years the slab was moved twice
by the defendant's directions, but it is not shown in whom title
vested after the father's death, and the jury would have been
warranted in finding that on the day of the accident the slab was
in the same position as it was at the date of the beginning of the
tenant's occupancy. It is plain from the terms of the contract
when construed most favorably to the plaintiff that the defend-
ant reserved no right of storage. The tenant was given exclusive
possession and control of the premises and the defendant never
assumed any obligation to maintain them in a safe condition.
While the jury could find that when the tenant spoke to him
about the cellar "he told me he would have a man come up and
clean it all out for me the next day;" and "that a man came the
following day after they had moved in" this was not an under-
taking to make the premises safe for the tenant's use. Nor did
the defendant's promise that he would have the premises "fixed
up in perfect condition" amount to an express warranty of safety.
*Walsh* v. *Schmidt*, 206 Mass. 405. The case at bar does not come
within *Miles* v. *Janvrin*, 200 Mass. 514, 516, even if it be assumed
the jury could have found that the defendant's servant who

cleaned the cellar left the slab in an unsafe condition. *Bertie* v. *Flagg*, 161 Mass. 504. The conditions were not concealed and the tenant with a full opportunity for inspection having taken the premises as she found them, the plaintiff has no greater rights. *Quinn* v. *Perham*, 151 Mass. 162. *Ingalls* v. *Hobbs*, 156 Mass. 348, 350. *Cummings* v. *Ayer*, 188 Mass. 292. *Conahan* v. *Fisher*, 233 Mass. 234. The verdict for the defendant was ordered rightly.

<div align="right">

*Exceptions overruled.*