SPRINTZE DULBERGER AND ABRAM DULBERGER, HER HUSBAND, APPELLANTS, v. IGNATZ RADLI, RESPONDENT.

Argued May 17, 1928—Decided October 15, 1928.

For the appellants, *Palmer & Cooper*.

For the respondent, *Wolber & Gilhooly*.

The opinion of the court was delivered by

PARKER, J. The suit is against a landlord for personal injury sustained by the wife of the tenant through the fall of part of a plaster ceiling in the demised premises upon the

wife's head. The case was submitted to the jury under instructions by the trial court, and they found for the defendant. The grounds of appeal relate to portions of the charge as delivered, and to the refusal of the court to charge certain requests preferred by the plaintiff. We conclude that the judgment must be reversed for error in the charge as delivered.

The particular premises being in the exclusive possession of the tenant, the liability of the landlord for any defective condition of the premises must, under familiar rules of law and in the absence of a voluntary assumption of a duty in that regard, be predicated on some contract obligation specially applicable to the situation. This is to be found in a clause of the written lease in force as between the parties, which clause reads as follows: "And will permit the said party of the first part (the landlord) or his agent, to enter the said premises at reasonable hours in the daytime to examine and repair the water pipes (only) if any may be broken; the party of the first part not being bounden to make any other repairs unless it be elsewhere in this lease expressly so agreed."

Counsel and the court properly construed this clause as by plain implication creating an obligation on the part of the landlord to use due care, in the interest of the tenant, to examine and repair the water pipes and prevent and cure any leakage. With this in mind, we turn to the testimony of the plaintiffs, which indicates that toward the end of 1924 water was leaking badly through the kitchen ceiling, and part of the ceiling came down; the landlord was notified and contracted with two colored masons to fix it. About ten months later, according to the testimony, the leak started again, the landlord came and tested the ceiling with a broom, pronounced it all right except the water pipes, which he would fix. This is the wife's testimony; the husband testified that "he said it is all right, it is only from the pipes and it is nothing. The water will stop." Apparently it did not stop, and on January 5th, 1926, part of the ceiling fell again, this time on Mrs. Dulberger's head.

The judge properly charged that the landlord was under a duty with reference to the water pipe, and therefore must

not permit a nuisance from it or be guilty of negligence in reference thereto which would be a proximate cause of the injury to the plaintiffs; but this was emasculated by charging the defendant's fourth request: "If you are satisfied by the evidence that the defendant had no notice that the ceiling was in a defective condition, then and in such event your verdict shall be for the defendant."

The vice of this instruction is that it ignores any duty of the defendant to make any inspection himself of the conditions, and predicates his liability solely on the fact of actual notice. It is, of course, a fundamental rule in this general class of cases that a duty of care normally involves the duty of making reasonable inspection at proper times and of reasonable diligence in making repairs looking to the safety of the premises if such reasonable inspection disclose defective conditions. As to the water pipes, this duty of reasonable inspection was recognized by the express language of the lease, and hence it follows that negligence could be inferred from lack of such inspection; and if such negligence were the proximate cause of injury to the plaintiffs, there would be liability. It was clearly open to a jury to infer that the ceiling fell on account of the water, and they were entitled to find that defendant should have anticipated this as a probable result of the leakage and should have made inspection accordingly. Hence, a charge that in order to hold defendant for the fall of the ceiling he should have actual notice of its danger erroneously limited the scope of inquiry, and to the prejudice of the plaintiffs.

The duty of inspection was laid down elsewhere in the charge, but that does not cure the error. *Niebel* v. *Winslow,* 88 *N. J. L.* 191; *State* v. *Tapack,* 78 *Id.* 208; *Collins* v. *Central Railroad Co.,* 90 *Id.* 593.

The judgment will be reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, Kays, Hetfield, Dear, JJ. 14.