## ALFY R. AND HAZEL OLIVE NORMANDIN v. LOUIS FREIDSON.[1]

November 14, 1930.

Nos. 28,120, 28,121.

[1]Reported in 233 N. W. 14.

472

*Anson B. Jackson, Jr.* for appellants.
*Stinchfield, Mackall, Crounse & McNally,* for respondent.

WILSON, C. J.

Plaintiffs appeal from separate judgments entered pursuant to directed verdicts.

Plaintiffs rented a residence from defendant on August 5, 1926. Defendant agreed to make certain specific repairs. He made them. The controversy relates to the negotiations relative to a stairway leading into the cellar. The two bottom steps were missing. The two upper steps were apparently an inch thick, while the others were perhaps two inches thick. These two top steps were some-

what triangular in form in order to compensate for a turn on entering the stairway at the top. The stairway was near the soil beneath, the installation being crude, particularly in that the excavation did not extend under the stairway. Plaintiffs told defendant that they thought the two top steps should be heavier. It was said in a friendly way that Mrs. Normandin "was a heavyweight and * * * might go through these two thin boards." Defendant stated that he could not look after matters personally, but that his agent, Tuenge, would repair everything that was needed. The talk involved only the two missing steps and the two thin steps. Tuenge came with material and replaced the two lower steps. Plaintiffs called his attention to the two top steps' being of "lighter material" than the others, and Tuenge said: "They are all right. Go ahead and use them." He also told plaintiffs that he did not consider it necessary to do anything to the top steps. He in substance said, then or later, that these two steps were safe and adequate to bear several times the weight that plaintiffs would ever put upon them.

At the end of the year plaintiffs leased the premises for another year. They then again called defendant's attention to the fact that the two top steps on this stairway were of "lighter material" than the other steps, and defendant answered: "Mr. Tuenge has looked them over, and if he says they are all right [and he had] go ahead and use them." In the fall of 1927 plaintiffs again called Tuenge's attention to these two top steps' being "lighter," and he replied: "These two steps are all right. Go ahead and use them." He told plaintiffs it was not necessary to fix them. Neither defendant nor his agent ever agreed to fix the supports underneath the stairway. There was no discussion about the supports or their condition. All statements made by defendant and his agent relative to the two top steps were in answer to the suggestion, in substance, that they were too thin to be safe. That was the sole criticism or complaint.

On May 24, 1928, Mrs. Normandin started down the stairway. She was first on the broad end of the first step, and then she stepped forward, putting her right foot on the back part of the wide end of the second step, near the wall. It went down. She fell down

the stairs and was seriously injured. These actions, wherein the wife and husband seek to recover their respective damages, followed.

■ The rule is that a landlord is not liable for such injuries received by a tenant unless there is a violation of his covenant to make repairs. Harpel v. Fall, 63 Minn. 520, 65 N. W. 913; Daley v. Towne, 127 Minn. 231, 149 N. W. 368; Ames v. Brandvold, 119 Minn. 521, 138 N. W. 786; Barron v. Leidloff, 95 Minn. 474, 104 N. W. 289. This usually means general repairs. It would relate equally as well in relation to a specific repair. The rule of course would not control in case of fraud. Nor would it control if there is a concealed danger on the premises known to the landlord and unknown to the tenant. Ames v. Brandvold, 119 Minn. 521, 138 N. W. 786; Keegan v. Heileman Brg. Co. 129 Minn. 496, 152 N. W. 877, L. R. A. 1916F, 1149. Nor would it control if there is a warranty. Dowling v. Nuebling, 97 Wis. 350, 72 N. W. 871; Ousley v. Hampe, 128 Iowa, 675, 105 N. W. 122. In the present case the landlord fulfilled his agreement to make specific repairs, concerning which the injury had no connection. There was no agreement to repair the two top steps. Indeed, as against the repeated sole complaint that they were too thin, it was insisted that they were all right. We construe the evidence as being insufficient to permit the jury to find that the landlord or his agent ever covenanted to make repairs in reference to the two top steps. The many authorities which counsel for plaintiffs has diligently collated in the brief, resting on a violation of an agreement to repair, are inapplicable to the present controversy.

■ Since the wrong claimed by plaintiffs is not the violation of an agreement to repair, we must consider whether the evidence will support a recovery upon the theory that there was a false representation or warranty as to the condition of the premises. If so, liability would follow. Moore v. Steljes (C. C.) 69 F. 518; Dowling v. Nuebling, 97 Wis. 350, 72 N. W. 871; Wilson v. Woodruff, 65 Utah, 118, 235 P. 368, 43 A. L. R. 1269, 24 N. C. C. A. 716.

The evidence is quite convincing that the step gave way, not because of its inadequacy as to thickness, but because of conditions

existing underneath. Such is the theory of the complaint. The supports had become weakened by decay. Passing the question as to whether the alleged warranty was a matter of opinion (36 C. J. 207; Renard v. Grenthal, 81 Misc. 135, 142 N. Y. S. 328) it is sufficient to say that the language which we will assume amounted to a warranty was directed solely to the thickness of the steps, as hereinbefore stated and hence cannot be construed as having reference to the hidden condition of the supports under the steps. There is no evidence that any of the parties ever understood the language otherwise. It is clear that the condition of the supports was not thought of or contemplated by any of the parties. Reliance on the warranty could only extend to the subject matter of the representation. The authorities necessarily so hold. Roberts v. Cottey, 100 Mo. App. 500, 74 S. W. 886; Howell v. Schneider, 24 App. D. C. 532; Galvin v. Beals, 187 Mass. 250, 72 N. E. 969; Walsh v. Schmidt, 206 Mass. 405, 92 N. E. 496, 34 L.R.A.(N.S.) 798; Wallquist v. Rogers, 237 Mass. 83, 129 N. E. 417.

The claim is made that plaintiff's complaint as to the two top steps was sufficient to have charged the landlord with notice of the defective supports, because had he then investigated he would have discovered the defective condition. In support of this claim our attention is directed to Johnson v. Dye, 131 Wash. 637, 230 P. 625. But there there was a violation of an express agreement to put certain steps in good repair. The boards were loose. They were to be nailed tight. Had the effort been made it would have been discovered that the boards were loose upon the supports, because the latter were rotted away and therefore would not hold the nails. It was apparent that the boards were loose, but the decayed supports which caused the accident were concealed. Had the landlord attempted to do what he agreed to do he would have discovered the defective condition. But in this case there was no agreement to repair. There there was an obvious necessity for repair; here there was not. The facts in this case do not make applicable the holding in Johnson v. Dye, 131 Wash. 637, 230 P. 625, and such cases as McGee v. Hardacre, 27 Ga. App. 106, 107 S. E. 563; Mesher v. Osborne, 75 Wash. 439, 134 P. 1092, 48 L.R.A.(N.S.)

476

917; Dulberger v. Radli, 105 N. J. L. 126, 143 A. 323; Zaban v. Coleman, 27 Ga. App. 376, 108 S. E. 555; Napier v. Pool, 39 Ga. App. 187, 146 S. E. 783; Andonique v. Carmen, 151 Ky. 249, 151 S. W. 921. It must be kept in mind that in the instant case the sole complaint was directed at the thickness of the steps, which of course had no relevancy to the soundness or unsoundness of the supports thereunder. Indeed, had the steps been considered by the landlord to have been too thin it is quite probable, in view of their apparently sound condition, that the repair would have consisted of placing other steps on top of the old ones, in which event it would not necessarily follow that the decayed supports would have been discovered.

■ At the close of plaintiff's testimony, defendant, over plaintiffs' objection, was granted leave to rest for the purpose of moving for directed verdicts. The motions were granted. It is claimed that it was error to permit the defendant to present such a motion, the claim being that such a resting is mythical and a mere fiction, and, being so, the only motion that could be entertained was a motion to dismiss; that defendant's remedies were the same as if plaintiffs had rested only. We are of the opinion that plaintiffs' contention in this respect is untenable. Whether the procedure indicated is to be followed rests in the discretion of the trial court.

■ After the trial plaintiffs moved to amend the complaints by adding a mere general allegation, including a warranty after inspection, that the entire stairway was safe, etc. Perhaps the proposed amendments included the claim of fraud. The motions which were to make the pleadings comply with the proof were properly denied. Such applications usually rest in the discretion of the trial court. But in this case there was no evidence to sustain the new matter alleged in the proposed amendments.

Both judgments are affirmed.