# A. LOUISE AND THOMAS MANI v. E. HUGO ERICKSON, INC.[1]

## December 20, 1940.

## No. 32,248.

E. *Luther Melin,* for appellants.
K. A. *Campbell,* for respondent.

PER CURIAM.

Two actions, consolidated for trial and on appeal, one by the wife for personal injuries, the other by the husband for consequential damages, met with instructed verdicts for defendant. Their motion for new trial was denied, and from that order they appeal.

Plaintiff Louise Mani leased an apartment from defendant under an oral contract from month to month. There was no agreement, warranty, or representation that the landlord was to maintain or repair it. Nor was there any concealed danger known to the landlord and unknown to the tenant. Janitor service was provided, and the janitor had a passkey so that if a tenant was absent and an emergency arose he would have access to the apartment. He

[1] Reported in 295 N. W. 506.

did minor repair jobs when requested by tenants and when he deemed it necessary.

Plaintiff had occupied her apartment something like three and one-half months immediately prior to the date when the accident occurred. During that entire time she had daily raised and lowered the window which is made the basis for the charge of negligence upon which she relies. During the evening of January 14, 1938, according to her daily custom, she sought to lower the upper sash. She found that it would not come down in the usual easy way. So she exerted pressure upon the lower frame of the sash with her right hand and with her left lent aid to bring the window down. Suddenly the sash cords broke, the upper sash fell, and her right hand was caught between the top frame of the upper sash and the top of the lower sash. Her hand pained her, but she sought no medical aid or treatment until five days later. She complained to the doctor "of a slight swelling or soreness of her right hand; she had pain on writing, also in vacuuming or cleaning the rooms." After examining her and taking an X-ray, the doctor found the X-ray "negative" insofar as any bone condition was concerned. There is no claim on his part that there was any muscular injury or bruising of tendons and ligaments. She saw the doctor only twice. There is no other basis for liability than as stated. In this situation the court was of opinion that lack of liability was apparent, hence that there was nothing for the jury to determine, and instructed a verdict in each case for defendant.

It is unfortunate that counsel should have started this action at all. Obviously his clients had no cause of action. The rule is and always has been in this state that:

"When the lessor does not agree to repair, and there is no fraud or concealment as to the safe condition of the premises, and the situation is not such as to create a nuisance, the lessee takes the risk of their safe occupancy, and the lessor is under no obligation to make repairs and he is not liable to the lessee, or to those claiming under him, for injuries resulting from the defective condition of the premises." Keegan v. G. Heileman Brg. Co. 129 Minn. 496,

500, 152 N. W. 877, 878, L. R. A. 1918F, 1149. Also in point is Normandin v. Freidson, 181 Minn. 471, 233 N. W. 14.

What we said in Untiedt v. Ver Dick, 195 Minn. 239, 242, 262 N. W. 568, 569, applies with equal force here:

"In passing, we think it is not improper to suggest that litigation, especially appeals, in cases of this type should be discouraged. We are laboring diligently to take care of legitimate appeals, cases involving property and human rights justifying a review. The instant case is utterly lacking in either. Counsel should realize that they are doing their clients no service in permitting appeals of this nature to be taken. Such procedure as has here been followed cannot help causing criticism and condemnation of law in general and of lawyers in particular. The expense incurred is out of proportion to the rights, real and imaginary, involved. When the fight is finally over, the bitterness and hostility of the contending parties are likely to have become intensified rather than mollified."

Order affirmed.