Robbins, J.
This is an action of tort wherein the defendant demurred to the declaration. The Court overruled the demurrer and reported the case, apparently being of the opinion that this interlocutory finding or order ought to be reviewed by the Appellate Division before any further proceedings in the trial court.
The demurrer was based upon the alleged failure of the declaration to state a cause of action, and whether there was such a failure is the sole issue before us.
The declaration is as follows: “Now come the plaintiffs in the above entitled action and say that on March 25, 1949 the defendant, having been the builder and owner of the dwelling house known and designated as 44 Lakeview Street, Pittsfield, sold and conveyed the same to the plaintiffs. And the plaintiffs say that the defendant built the house in such a negligent, unskillful and improper manner that there was at all times in cold weather a substantial and unreasonable *133 risk that certain sections of the hot water heating pipes would freeze and burst. And the plaintiffs say that the defendant as vendor of the house, knowing of the condition and the risk involved and having reason to believe that the plaintiffs, being unskilled in such matters, would not realize the risk, concealed or failed to disclose the risk in negligent disregard of the rights of the plaintiffs as vendees thereof. And the plaintiffs say that as a consequence of the conduct of the defendant as builder and vendor as above set forth a section of said heating pipes froze and burst exactly as had been risked by the defendant’s said conduct, substantial damage being caused thereby to both real and personal property of the plaintiffs, all to the great damage of the plaintiffs.”
The doctrine of caveat emptor has been applied to sales of real estate by our Supreme Judicial Court. Walsh v. Schmidt, 206 Mass. 405. Likewise in cases arising between lessee and lessor, which are certainly analogous, the Court has applied the same doctrine. Bowe v. Hanking, 135 Mass. 380; Stumpf v. Leland, 242 Mass. 168. We are dealing not with a sale of chattels, but with a sale of real estate.
In their brief the plaintiffs rely strongly on the Restatement of the Law of Torts, which at §§ 352 and 356 supports the cases cited in the last paragraph. The plaintiffs, however, contend that § 353 applies to the case at bar, and establishes liability on the part of the defendant. The declaration is drawn in the language of this section which reads as follows: “A vendor of land, who conceals or fails to disclose to his vendee any condition whether natural or artificial involving unreasonable risk to persons upon the land, is subject to liability for bodily harm caused thereby to the vendee or his sub-vendee, after the vendee has taken possession, if (a) the vendee does not know of the condition or the risk involved therein, and (b) the vendor knows of the condition and the risk involved therein and has rea *134 son to believe that the vendee will not discover the condition or realize the risk.”
It is to be noted that § 353 subjects the vendor of land to liability for bodily harm and that no bodily harm is alleged in the declaration, but rather the claim is for damage to real and personal property.
No case showing that the Massachusetts courts have adopted § 353 as the law in this state, has been cited to us, and we have been unable to find one. But even if we adopted that section as the law in Massachusetts, in order to benefit the plaintiffs, we would have to stretch the liability there placed upon a vendor of land, from liability for bodily harm to general liability. This we are unwilling to do. In our opinion the declaration stated no cause of action and the demurrer should have been sustained.