OPINION OF THE COURT
Rudolph U. Johnson, J.
Defendant, Helen L. Lips Realty, Inc., pursuant to notice of motion, seeks an order dismissing the complaint of the plaintiff, Judy Hiller, on the grounds that it fails to state a cause of action.
Plaintiff’s complaint alleges in substance that on January 16, 1976, defendant, as agent of the plaintiff, negotiated a sale of plaintiff’s residence and accepted as a deposit checks totaling $2,400. These checks were never cashed by defendant. Subsequently, the purchaser refused to close the transaction *368 and, on February 4, 1976, stopped payment on the deposit checks. Plaintiff now claims damage in the amount of $2,400
Defendant maintains that it was a mere stakeholder, i.e., a depository for the down payment and, as such, owed no duty to the plaintiff by that acceptance. Additionally, defendant argues that, in today’s commercial world, checks are a common substitute for cash and, in any event, plaintiff suffered no loss.
It is a well-established rule, however, that a real estate brokerage, which is employed to act as a negotiating agent in a real estate transaction, is under a duty to exercise that degree of diligence, judgment, care and skill ordinarily used by persons of common capacity engaged in the same business. Failing in that duty, the broker is answerable to his principal for consequential damages flowing from his handling of the matter. Resolution of this question is a factual issue for a jury’s deliberation. (See Loeb v Heilman, 83 NY 601; Irwin v Rhoades, 199 NYS 211; May v Haight, 218 App Div 90.)
While there is an apparent paucity of decisional law involving a broker’s alleged failure to collect from a purchaser earnest moneys due his principal, we, nevertheless, believe that this question falls within the above-stated rule and that plaintiff should be granted an opportunity to present her evidence. (See Paul v Grimm, 165 Pa 139; Lowrance v Swaffíeld, 123 SC 331; Witt v Blomquist, Inc., 249 Minn 32.)
Granting to plaintiff a liberal construction of her complaint, this court finds that it provides defendant adequate notice of a stated cause of action.
Accordingly, defendant’s motion is denied and plaintiff is directed to forward an order in conformance with this decision.